*534 Hall, Judge,
dissenting.
{¶ 64} I agree that appellant, when walking to the passenger side of a vehicle parked awkwardly in the lot at a Walgreen’s store, had no obligation to stop because there was an absence of any reasonable and articulable suspicion that he was engaged in criminal activity. His failure to stop does not, and cannot, be interpreted as additional suspicion in and of itself. Nevertheless, there is nothing improper about the officer’s continuing to follow him. Then, the officer saw appellant place both hands inside the cab of the truck, not just the hand in which he was carrying a Walgreen’s bag. Given the location, time, and circumstances, the officer’s act of grabbing appellant by the shoulders and having him step aside, revealing heroin in plain view on the seat, was reasonable. I would agree with the trial court’s conclusion that “the movement of reaching into the pickup under all these circumstances rises to the level of a furtive movement, which * * * justified the immediate seizure of [appellant] for reasons of officer safety.” Therefore, I would affirm the denial of the motion to suppress.